## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0701** (Ohio County 12-F-20)

**Harold Wayne Nice**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Harold Wayne Nice, by counsel, Jason D. Parmer, appeals the Circuit Court of Ohio County's order entered May 7, 2012, sentencing him to consecutive sentences of one to ten years of incarceration for breaking and entering and one to five years of incarceration for conspiring to commit breaking and entering. The State, by counsel Andrew D. Mendelson, filed a response in support of the circuit court's order. Petitioner's counsel filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 6, 2011, petitioner and a co-defendant were stopped by police after being spotted walking quickly in the vicinity of a building alarm going off. The officers stopped and frisked the co-defendant but found no weapons and proceeded to look in petitioner's backpack for weapons. No weapons were found in the backpack, but the officer found a pry bar, a pair of gloves, and a hacksaw. Petitioner and his co-defendant were arrested on unrelated warrants and, after further investigation, were charged with breaking and entering, and conspiracy to commit breaking and entering. Petitioner's co-defendant entered into a plea agreement and agreed to testify against petitioner. Petitioner was indicted by a grand jury on January 9, 2012, on both charges. At the suppression hearing on February 9, 2012, petitioner moved to suppress the evidence taken from the backpack, but since there was no affirmative evidence that petitioner did not give consent, the circuit court denied the motion.

At trial, on March 22, 2012, petitioner's co-defendant testified against petitioner, stating that they entered the building with the intent to steal items therefrom. At trial, the arresting officer claimed that petitioner had given consent to search the backpack and, while there was no record

1

of petitioner granting consent, petitioner never testified at trial or at the suppression hearing; thus, the officer's testimony regarding consent was uncontroverted. The State also introduced evidence at trial regarding tracks at the site of the burglary matching the defendants' shoes, despite assurances from the prosecutor that no expert testimony would be taken regarding whether the shoes match. The defense did not object to the testimony. Finally, a home confinement officer from Brooke County testified regarding the validity of data from a GPS ankle bracelet that the co-defendant was wearing on the night of the burglary. The testimony was admitted without the officer being certified as an expert; however, the defense did not challenge the home confinement officer's qualifications or object to the testimony.

> "'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syl. Pt. 6, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983)." Syllabus Point 1, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999).

Syl. Pt. 1, *State v. Morris*, 227 W.Va. 76, 705 S.E.2d 583 (2010).

Petitioner first argues that there was no evidence in police reports from the night of the arrest that the backpack search was voluntary, and that the only testimony was from the arresting officer stating that he asked for permission to search the bag and was granted permission. We find that the testimony that the search was consensual was uncontroverted and, therefore, the circuit court did not abuse its discretion in admitting contents of the backpack into evidence.

Second, petitioner argues that this Court has not addressed whether shoe identification from tracks requires expert testimony in order to be admissible, nor the level of expertise required to testify as to the reliability of GPS tracking software. Because the defense objected to neither the shoeprint nor the GPS testimony, this Court applies the plain error analysis. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, a plain error must affect "the outcome of the proceedings in the circuit court . . .," in order for the error to be reversible. *Id.*, Syl. Pt. 9, in part. Because the co-defendant's uncontroverted testimony was that he and petitioner acted in concert to break into the building, we find that the testimony regarding the footprints and GPS did not affect the outcome of the proceedings below and does not fall under the plain error doctrine.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his brief. The circuit court did not abuse its discretion in convicting petitioner for breaking and entering and conspiracy to commit breaking and entering.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013


**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II