No.    14-0639    -    *State of West Virginia v. Darnell Carlton Bouie*

Davis, Justice, dissenting:

In this proceeding, the majority opinion affirmed the defendant's convictions for felony-murder and conspiracy to commit burglary. In doing so, the majority opinion rejected the defendant's assignment of error involving a police officer's testimony that a pair of sneakers the officer bought from eBay matched the sneakers worn by the defendant and matched a sneaker print found at the crime scene. For the reasons set out below, I dissent.[1]

There is no dispute in this case that the investigating police officer purchased a pair of sneakers from eBay that the officer believed were similar to those worn by the defendant. The officer purchased the sneakers because of a sneaker print found at the crime scene and a videotape showing an unidentified person wearing unidentifiable sneakers at the crime scene. The officer hoped that the sneaker print found at the crime scene would match the sneakers he bought from eBay. However, the FBI concluded that the crime scene sneaker print did not match the sneakers bought from eBay. Although it was determined prior to trial that the eBay sneakers had no relationship to the sneaker print found at the crime scene, the

---

[1]The defendant raised several other issues which I believe were correctly resolved by the majority opinion.

1

trial court still permitted the State to present evidence of the eBay sneakers to the jury through the investigating officer.

The trial court permitted the investigating officer to render a lay opinion about the sneakers purchased on eBay under Rule 701 of the West Virginia Rules of Evidence.[2] This Court has held that

> [i]n order for a lay witness to give opinion testimony pursuant to Rule 701 of the West Virginia Rules of Evidence (1) the witness must have personal knowledge or perception of the facts from which the opinion is to be derived; (2) there must be a rational connection between the opinion and the facts upon which it is based; and (3) the opinion must be helpful in understanding the testimony or determining a fact in issue.

Syl. pt. 2, *State v. Nichols*, 208 W. Va. 432, 541 S.E.2d 310 (1999), *modified on other grounds by State v. McCraine*, 214 W. Va. 188, 588 S.E.2d 177 (2003). It is clear that the testimony of the investigating officer did not satisfy the test under Rule 701 for the admission

---

[2]Rule 701 of the West Virginia Rules of Evidence states that

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

of a lay opinion.

To begin, the majority opinion stated that the investigating officer was allowed to render a lay opinion as follows:

> The circuit court permitted Sergeant Cox to offer his lay opinions that the [Ebay] shoes were similar in color and design to the shoes worn by [the defendant] in the surveillance videos, and that the outsole pattern exhibited on the [Ebay] shoes was similar to the footwear impressions left beneath [the victim's] window.

The officer's opinion testimony did not meet the first test under Rule 701. That is, the investigating officer did not have personal knowledge or perception of the shoes the defendant was wearing on the night of the incident. He did not personally observe the defendant on the night in question. The investigating officer merely viewed barely visible video footage of footwear of an unidentified person on the night of the incident–something the jury was able to view.

It has been noted that Rule 602 of the West Virginia Rules of Evidence provides the basis for the first prong of the test under Rule 701. *See United States v. Hoffner*, 777 F.2d 1423, 1425 (10th Cir. 1985) ("The perception requirement stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact."). A lay witness may testify only about matters within his or her personal knowledge. This principle is embodied

3

under Rule 602, where it is expressly stated that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The only witnesses who were able to render an opinion regarding the crime scene sneaker print and the eBay sneakers were the State's FBI expert witnesses–and they testified to not being able to render the opinion given by the investigating officer.

In addition to failing to satisfy the first prong of the test under Rule 701, the police officer's testimony did not satisfy the second prong. That is, there simply was no rational connection between sneakers purchased arbitrarily from eBay and the sneaker print found at the crime scene. Moreover, insofar as no one could identify the sneakers worn on the video tape, no rational connection existed with the eBay shoes. With respect to the third factor of the test, the police officer's opinion testimony about the defendant's footwear was not helpful, but rather suggestive, to the jury. This Court has recognized that

> [w]hen the opinion of a witness, not an expert, is offered in evidence, and he is no better qualified than the jurors to form an opinion with reference to the facts in evidence and the deductions to be properly drawn from such facts, his opinion evidence is not admissible.

Syl. pt. 4, *Overton v. Fields*, 145 W. Va. 797, 117 S.E.2d 598 (1960). That is, "where the jury is capable of drawing their own conclusions, the lay witness's testimony is unhelpful and thus should not be permitted." *Nichols*, 208 W. Va. at 440, 541 S.E.2d at 318 (internal quotations and citation omitted).

4

It has been correctly stated that the helpfulness requirement is designed to provide "assurance against the admission of opinions which would merely tell the jury what result to reach." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992). In the instant case, the investigating officer told the jury that, in spite of what the FBI experts said and the instruction given by the trial court, the defendant wore the eBay sneakers, and those sneakers matched the crime scene shoe print. Such testimony was far too prejudicial for this Court to apologize in footnote 3 of the opinion by stating that the admission of this damning evidence was "harmless."

In view of the foregoing, I dissent.