# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 13-0146** (Boone County 12-F-139)

**Brian L. King,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION

Petitioner Brian L. King, by counsel Judson C. MacCallum, appeals the order of the Circuit Court of Boone County denying petitioner's motion for a new trial and motion for judgment of acquittal. Respondent State of West Virginia, by counsel Christopher S. Dodrill, filed a response in support of the circuit court's order. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 22, 2012, petitioner was traveling in a vehicle with Lori Stevenson, who was taking him to another friend's house to get the cell phone he had left behind. Stevenson's boyfriend, Roy Gilliam, forced the vehicle off the road with his vehicle. Petitioner asserts that Gilliam pulled him out of the vehicle and began attacking him. Petitioner then states that he stabbed Gilliam in self-defense after Stevenson would not allow him back into the vehicle to escape Gilliam's attack. The State's theory was that Gilliam "beat up" petitioner in a fistfight, and later, out of retaliation, petitioner stabbed Gilliam. Gilliam died from a single stab wound.

Petitioner was indicted in September of 2012 on one count of second degree murder. Petitioner went to trial on December 10, 2012. The only eyewitness testimony at trial regarding the fight was from Stevenson. She testified that Gilliam had pulled his truck ahead of her on the road, blocking her. He was screaming at her and petitioner, then Gilliam pulled petitioner out of the car. She testified that the altercation was brief, no longer than two minutes, and that Gilliam "got the best of" petitioner, as he was larger. Petitioner attempted to get into Stevenson's car after the altercation but she would not allow him. She then watched Gilliam get into his truck and she drove down the road and turned around. When she returned, Gilliam was nonresponsive. She and petitioner began CPR until first responders arrived.

1

At trial, petitioner's two statements to police were entered into evidence. In the first statement, petitioner maintained that Gilliam was the aggressor, threatening his life repeatedly and beating him up. However, he could not describe how Gilliam was stabbed, although he said that Gilliam had a knife pulled on petitioner and that he must have somehow fallen on the knife. He then admitted to stabbing Gilliam, stating:

> I mean, if somebody- if somebody's trying to kill me, I'm going to kill them. I'm going to – I'm going to know exactly where to stick it and where to put it and all that, you know? . . .and twist it, because I know I'm going to prison for a year or ten years either way.

Petitioner made a second statement twelve hours later, still maintaining that Gilliam was the aggressor. This time he stated that he found the knife laying on the ground and "tried to nick his trapezoid" with it. At that time, petitioner maintains that Gilliam got off him, threatened his life again, and got into his truck. Petitioner then slashed two of Gilliam's tires in an effort to make sure he could not drive to petitioner's home and injure him. Petitioner maintains that only later did he realize how seriously injured Gilliam was.

The jury found petitioner guilty of the lesser-included offense of voluntary manslaughter on December 14, 2012. Post-trial motions were heard on January 3, 2013. On January 16, 2013, the circuit court denied petitioner's motion for judgment of acquittal and his motion for a new trial. Petitioner was sentenced to fifteen years of incarceration at a sentencing hearing held on February 6, 2013.

On appeal, petitioner argues first that the circuit court erred in overruling his objections to the expert witness testimony provided by Dr. Mock, the State's expert witness and medical examiner. Petitioner argues that Dr. Mock's testimony was not fully disclosed by the State pursuant to Rule 16(b)(1)(C) of the West Virginia Rules of Criminal Procedure, which states:

> Expert Witnesses. If the defendant requests disclosure under subdivision (a)(1)(E) of this rule and the state complies, the defendant, at the state's request, must disclose to the state a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Rules of Evidence as evidence at trial. The summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witnesses' qualifications.

The State indicated in its Rule 16 disclosure that Dr. Mock would testify as to contents of the autopsy report, but petitioner contends that when Dr. Mock opined that the decedent could not have walked and climbed into his truck after being stabbed, he went beyond the contents of the autopsy report. Petitioner objected at trial, but the circuit court overruled those objections, finding that the testimony was consistent with the medical examiner's report.

"'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts

to an abuse of discretion.' Syllabus point 6, *State v. Kopa,* 173 W.Va. 43, 311 S.E.2d 412 (1983)." Syl. Pt. 1, *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999). Further, this Court has found that:

> """"Whether a witness is qualified to state an opinion is a matter which rests within the discretion of the trial court and its ruling on that point will not ordinarily be disturbed unless it clearly appears that its discretion has been abused." Point 5, syllabus, *Overton v. Fields,* 145 W.Va. 797 [117 S.E.2d 598 (1960) ].' Syllabus Point 4, *Hall v. Nello Teer Co.,* 157 W.Va. 582, 203 S.E.2d 145 (1974)." Syllabus Point 12, *Board of Education v. Zando, Martin & Milstead,* 182 W.Va. 597, 390 S.E.2d 796 (1990).' Syl. pt. 3, *Wilt v. Buracker,* 191 W.Va. 39, 443 S.E.2d 196 (1993)." Syl. pt. 5, *Mayhorn v. Logan Medical Foundation,* 193 W.Va. 42, 454 S.E.2d 87 (1994).

Syl. Pt. 13, *Foster v. Sakhai,* 210 W.Va. 716, 559 S.E.2d 53 (2001). This Court agrees with the circuit court's finding that the testimony of Dr. Mock was consistent with the autopsy report. The autopsy report thoroughly detailed Dr. Mock's opinions concerning Gilliam's injuries and cause of death, as well as the bases for those opinions. The report describes how the knife penetrated Gilliam's aorta and caused him to bleed to death internally. The opinion as to whether Gilliam could have walked to his truck after suffering this injury was well within the scope of information contained in the autopsy report. Furthermore, petitioner was allowed a thorough cross-examination of Dr. Mock and presented his own expert witness in rebuttal.

Petitioner also argues on appeal that the circuit court erred in denying his post-trial motion for judgment of acquittal pursuant to Rule 29(c) of the West Virginia Rules of Criminal Procedure. Petitioner argues that the State failed to offer sufficient evidence to disprove petitioner's allegations that he acted in self-defense. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock,* 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note the following:

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal because the evidence was sufficient to support the conviction of voluntary manslaughter. In relation to self-defense, "[o]nce there is sufficient evidence to create a reasonable doubt that the killing resulted from the defendant acting in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense." Syl. Pt. 4, *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978). Furthermore,

> "'When one without fault himself is attacked by another in such a manner or under such circumstances as to furnish reasonable grounds for apprehending a design to take away his life, or to do him some great bodily harm, and there is reasonable grounds for believing the danger imminent, that such design will be accomplished, and the person assaulted has reasonable ground to believe, and does believe, such danger is imminent, he may act upon such appearances and without retreating, kill his assailant, if he has reasonable grounds to believe, and does believe, that such killing is necessary in order to avoid the apparent danger; and the killing under such circumstances is excusable, although it may afterwards turn out, that the appearances were false, and that there was in fact neither design to do him some serious injury nor danger, that it would be done. But of all this the jury must judge from all the evidence and circumstances of the case.' Syl. Pt. 7, *State v. Cain*, 20 W.Va. 679 (1882)." Syl. Pt. 6, *Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 559 S.E.2d 713 (2001).

Syl. Pt. 4, *State v. Dinger,* 218 W.Va. 225, 624 S.E.2d 572 (2005). In the present case, there was sufficient evidence to convict petitioner. Stevenson described the fight and seeing Gilliam get back into his truck. From this statement, the jury could conclude that petitioner killed Gilliam after the fight, not during the fight as petitioner claimed. Further, petitioner gave inconsistent statements to the police regarding the stabbing and was evasive.

Finally, petitioner argues that the circuit court erred in denying his post-trial motion for a new trial pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure. Pursuant to Rule 33, a new trial may be granted "if required in the interest of justice." Petitioner argues that the testimony of Dr. Mock required a new trial. With respect to a trial court's denial of a motion for a new trial, this Court has explained:

> "'Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997). Syl. pt. 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

4

*State v. White*, 228 W.Va. 530, 536, 722 S.E.2d 566, 572 (2011). As discussed above, we do not find the testimony of Dr. Mock to be improper. To that end, the circuit court's denial of the motion for a new trial will not be disturbed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II