# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-1263** (Fayette County 13-F-116)

**Tramaine Burks, Defendant Below,
Petitioner**

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tramaine Burks, by counsel Duane Rosenlieb Jr., appeals the Circuit Court of Fayette County's sentencing order entered on November 4, 2013, following his conviction of fleeing from an officer, second offense driving while revoked for DUI, speeding, and failing to stop at a stop sign. The State of West Virginia, by counsel Julie Warren, filed a response. On appeal, petitioner argues (1) that the phrase "reckless indifference" in West Virginia Code § 61-5-17(f) is unconstitutionally vague; and (2) that the circuit court erred in admitting opinion testimony to satisfy the State's burden to prove an element of a crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 7, 2013, petitioner was driving northbound on U.S. Route 19 towards Beckley, West Virginia. Patrolman J.R. Pack of the Oak Hill Police Department was on patrol and observed petitioner driving towards him at a high rate of speed. Patrolman Pack's radar displayed that petitioner was traveling at 75 miles per hour ("mph") in a 55 mph zone. Patrolman Pack crossed the median, proceeded after petitioner, caught up with him, and initiated his emergency lights and siren. Petitioner proceeded up the exit ramp and ran through a stop sign at the end of the exit ramp. Petitioner then proceeded to drive towards a night club, again failing to stop at a stop sign. Upon entering the parking lot at the night club, petitioner drove through the parking lot and attempted to turn back onto the main road, at which time he was stopped by Patrolman Michael Grose of the Oak Hill Police Department.

Following a jury trial on August 20, 2013, petitioner was convicted of one count each of felony fleeing from an officer, second offense driving while revoked for driving under the

influence, speeding, and failing to stop at a stop sign.[1] By order entered on October 7, 2013, the circuit court sentenced petitioner to one to five years in the penitentiary and a $1,000 fine for fleeing from a police officer, in violation of West Virginia Code § 61-5-17(f); six months and a $1,000 fine for second offense driving while revoked, in violation of West Virginia Code § 17B-4-3(b); a $100 fine for speeding in violation of West Virginia Code § 17C-6-1; and a $100 fine for failing to stop at a stop sign in violation of West Virginia Code § 17C-12-5. The circuit court ordered that the sentences run concurrently. In November of 2013, petitioner was resentenced for purposes of filing this appeal.

On appeal, petitioner raises two assignments of error. First, petitioner argues that West Virginia Code § 61-5-17(f),[2] is unconstitutionally vague because the term "reckless indifference" is not defined within Chapter 61 of the West Virginia Code and, thus, is open to subjective interpretations. Petitioner also argues that "reckless indifference" involves an action that results in serious consequences. "'Where the issue on an appeal from the circuit court is clearly a question of law . . . involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 2, *Thomas v. Morris*, 224 W.Va. 661, 687 S.E.2d 760 (2009). Further, we have previously held that "'[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication.' Syl. Pt. 1, *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974)." Syl. Pt. 7, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review of West Virginia Code § 61-5-17(f), the Court finds that it sets out with sufficient definiteness the conduct that is criminalized. A plain reading of the statute clearly informed petitioner that if he fled from police and endangered the safety of others, then he could be charged for felony fleeing. "A term which is widely used and which is readily comprehensible to the average person without further definition or refinement need not have a defining instruction." Syl. Pt. 2, *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987). The testimony revealed that petitioner was traveling at a high rate of speed on a public road and that he failed to stop at two stop signs while trying to avoid the police. Petitioner's intentional conduct endangered the safety of the other motorists, his three passengers, innocent bystanders, and created the potential for a serious accident. The use of

---

[1]Petitioner was also indicted on the offense of carrying a deadly weapon without a license. That charge was subsequently dismissed.

[2] West Virginia Code § 61-5-17(f) states that

> [a] person who intentionally flees or attempts to flee in a vehicle from a law-enforcement officer, probation officer or parole officer acting in his or her official capacity after the officer has given a clear visual or audible signal directing the person to stop, and who operates the vehicle in a manner showing a reckless indifference to the safety of others, is guilty of a felony and, upon conviction thereof, shall be fined not less than $1,000 nor more than $2,000 and shall be imprisoned in a state correctional facility not less than one nor more than five years.

the term "reckless indifference" in West Virginia Code 61-5-17(f) is not unconstitutionally vague and the evidence clearly demonstrated that petitioner's actions were prohibited by the statute.

Second, petitioner argues that the circuit court erred in allowing Patrolmen Pack and Grose to give opinion testimony in violation of Rule 701 of the West Virginia Rules of Evidence.[3] Petitioner argues that the State was allowed to prove the element of "reckless indifference" through the opinion testimony of Officer Pack. Although trial counsel for petitioner failed to object to the testimony of Officer Pack, petitioner argues that plain error applies in this instance. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, a plain error must affect "the outcome of the proceedings in the circuit court . . .," in order for the error to be reversible. *Id.*, Syl. Pt. 9, in part. For the reasons set forth below, we conclude there was no plain error.

Rule 701 of the West Virginia Rules of Evidence provides as follows:

If the witness is not testifying as an expert, his or her testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

This Court has held the following with respect to lay testimony:

In order for a lay witness to give opinion testimony pursuant to Rule 701 of the *West Virginia Rules of Evidence* (1) the witness must have personal knowledge or perception of the facts from which the opinion is to be derived; (2) there must be a rational connection between the opinion and the facts upon which it is based; and (3) the opinion must be helpful in understanding the testimony or determining a fact in issue.

Syl. Pt. 2, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), *modified on other grounds by State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003).

A review of the record before us indicates that the police officer's testimony was not expert in nature, but was lay opinion testimony under Rule 701. Both Officers provided testimony regarding the circumstances surrounding the apprehension of petitioner that they personally observed. Patrolman Pack's testimony provided firsthand knowledge regarding petitioner's driving behavior during the police pursuit. Additionally, Patrolman Grose testified that petitioner pulled into the parking lot of a night club while patrons were standing outside and that the patrons' safety was in danger. Their testimony did not require any specialized expertise to testify

---

[3]We note that Rule 701 was amended in 2014, with an effective date of September 2, 2014. All references to provisions of Rule 701 in this memorandum decision will be based upon the rule as it existed during the prosecution of this case.

to these matters, as the testimony was rationally based on their own observations during the pursuit of petitioner's vehicle. For these reasons, the circuit court did not error in admitting the testimony of either Patrolmen Pack or Grose.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4