625 S.E.2d 348

STATE of West Virginia, Plaintiff Below, Appellee

v.

David M. REED, Defendant Below, Appellant.

No. 32610.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 11, 2005.

Decided Nov. 29, 2005.

Concurring Opinion of Justice Davis Dec. 5, 2005.

---

Darrell V. McGraw, Jr., Attorney General, Robert D. Goldberg, Assistant Attorney General, Charleston, for Appellee.

R. David Brown, Jr., Reynolds & Brown, P.L.L.C., Huntington, for Appellant.

PER CURIAM:

This case is before the Court upon the appeal of the appellant, David M. Reed. On March 11, 2003, the appellant was convicted by a jury in the Circuit Court of Cabell County of third offense domestic battery and thereafter received an enhanced sentence

pursuant to the habitual criminal statute. The appellant argues that the circuit court erred in denying his motion for bifurcation to contest the validity of his prior convictions in accordance with *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003), an opinion released by this Court shortly after the appellant's trial. By order dated April 23, 2003, the appellant was sentenced to two-to-five years in the State penitentiary. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error and accordingly, affirm the decision below.

## I.

### FACTS

On January 9, 2003, a Cabell County Grand Jury returned a six-count indictment against the appellant for three counts of third offense domestic battery in violation of West Virginia Code § 61-2-28(d),[1] and three counts of second offense violation of a domestic violence protective order in violation of West Virginia Code § 48-27-903(b).[2] The appellant made a motion to sever the counts against him and the circuit court granted the motion. The appellant also moved to bifurcate the trial with regard to his two previous domestic battery convictions which occurred in 1996 and 1999 involving his wife. The State argued that the appellant had the burden to show he was not the person involved in the prior convictions and if he could not do so he had to stipulate to those convictions. The circuit court then denied the appellant's motion to bifurcate and the appellant stipu-

lated to the two prior convictions. The appellant did not object to the circuit court's denial of bifurcation nor did he request a hearing to present evidence on the issue.

On March 13, 2003, the jury found the appellant guilty of the third offense domestic battery charges. On April 17, 2003, the State filed a recidivist information alleging that the appellant had previously been convicted of a felony. After the appellant admitted being the same person named in the recidivist information, the circuit court found him guilty under the recidivist statute. The circuit court then sentenced the appellant to two-to-five years imprisonment. This appeal followed.

## II.

### STANDARD OF REVIEW

█ In Syllabus Point 1 of *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999), we held, " 'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." We have further indicated that a circuit court's final order and ultimate disposition are reviewed under the abuse of discretion standard. *State ex rel. Hechler v. Christian Action Network*, 201 W.Va. 71, 491 S.E.2d 618 (1997).

## III.

### DISCUSSION

The appellant maintains that following this Court's decision in *State v. McCraine*, 214

---

1. West Virginia Code § 61-2-28(d), in part, provides:

> Any person who has been convicted of a third or subsequent violation of the provisions of subsection (a) or (b) of this section, a third or subsequent violation of the provisions of section nine of this article where the victim was a current or former spouse, ... is guilty of a felony if the offense occurs within ten years of a prior conviction of any of these offenses and, upon conviction thereof, shall be confined in a state correctional facility not less than one nor more than five years or fined not more than two thousand five hundred dollars, or both.

2. West Virginia Code § 48-27-903(b), provides:

> A respondent who is convicted of a second or subsequent offense under subsection (a) of this section is guilty of a misdemeanor and, upon conviction thereof, shall be confined in the county or regional jail for not less than three months nor more than one year, which jail term shall include actual confinement of not less than twenty-four hours, and fined not less than five hundred dollars nor more than three thousand dollars, or both.

W.Va. 188, 588 S.E.2d 177 (2003), he is entitled to reversal and a remand for a new bifurcated trial. Specifically, the appellant points out that in Syllabus Point 11 of *McCraine,* this Court held:

A trial court must grant bifurcation in all cases tried before a jury in which a criminal defendant seeks to contest the validity of any alleged prior conviction as a status element and timely requests that the jury consider the issue of prior conviction separately from the issue of the underlying charge. To the extent that our decision in *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999), conflicts with this holding it is hereby modified.

While *McCraine* was decided after the appellant was convicted and sentenced, he argues that his case falls within the boundaries for retroactive application of that case. In Syllabus Point 3 of *State v. Gangwer,* 168 W.Va. 190, 283 S.E.2d 839 (1981), this Court held, "[i]n the absence of any substantial countervailing factors, where a new rule of criminal law is made of a nonconstitutional nature, it will be applied retroactively only to those cases in litigation or on appeal where the same legal point has been preserved." In addition, footnote 21 from *McCraine* provides:

Since our decision regarding bifurcation is a procedural requirement and 'prophylactic standard[ ] designed to safeguard the right of every [similarly situated] criminal defendant to' a fair trial, it has limited retroactive effect. *State v. Blake,* 197 W.Va. 700, 712, 478 S.E.2d 550, 562 (1996). The application of our decision today, therefore, is limited to the retrial of Appellant and to cases in litigation or on appeal during the pendency of this appeal in which the issue has been properly preserved. Syl. Pt. 3, *State v. Gangwer, infra.*

The appellant's counsel moved for bifurcation on February 19, 2003, and his motion was denied on March 6, 2003. Based upon that denial the appellant stipulated to the two prior domestic battery convictions. The appellant maintains that since *McCraine* was decided after his March 13, 2003, conviction, and after his April 23, 2003, sentencing, but before his September 1, 2004, petition for appeal was filed, that retroactively applies to his case. Conversely, the State contends that the appellant should not receive the benefit of the new procedural rule because the appellant had not yet filed his petition for appeal by the time *McCraine* was actually decided by this Court on May 16, 2003.

The State's assertion that retroactivity is inapplicable in this case simply because the appellant's petition for appeal was not yet filed at the time of our decision in *McCraine* is inconsistent with our prior holdings. In fact, in *State v. Blake,* 197 W.Va. 700, 711–12, 478 S.E.2d 550, 561–62 (1996), we explained that, "[a] conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to this Court is exhausted or the time period for such expires." While our review of the record leads us to conclude that the appellant's case was "in litigation or on appeal" for purposes of retroactivity, our analysis does not stop there.

We now turn to the requirement as set forth in Syllabus Point 3 of *Gangwer, supra,* that the application of retroactivity is limited to cases in litigation or on appeal "in which the issue has been properly preserved." It is the State's contention that the appellant did not timely preserve his objection as required by *Gangwer.* We agree.

When the circuit court refused the appellant's motion to bifurcate, the appellant stipulated to his two prior domestic violence convictions without any argument or presentation to the contrary. The appellant simply stood silent and did not exercise his right under then-existing law to request a pretrial hearing on the bifurcation issue. *See* Syllabus Point 4, *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999). Thus, the appellant is not similarly situated with individuals who were denied bifurcation by a circuit court, who then requested a hearing on the issue of bifurcation, and whose cases were in litigation or pending on appeal when this Court decided *McCraine.*

The appellant raised the issue of bifurcation for the first time on appeal based solely upon our decision in *McCraine.* Applying

*McCraine* retroactively to this case would undermine the principles of limited retroactivity and defeat the fundamental rule that similarly situated defendants should be treated the same. We believe that those whose appeals were pending at the time of this Court's decision in *McCraine,* who properly preserved the issue below, should benefit from that decision; however, the appellant is not in that category. Consequently, the appellant is not entitled to the benefit of our holding in *McCraine.*

We must also point out that even if we had applied *McCraine* retroactively to the appellant's case, he still would not have survived a harmless error analysis. In footnote 21 of *McCraine,* we explained that our new requirement of bifurcation was "a procedural requirement and 'prophylactic standard[ ] designed to safeguard the right of every [similarly situated] criminal defendant to' a fair trial [and that] it has limited retroactive effect." (Citation omitted.). With that in mind, it is well settled that, "[m]ost errors, including constitutional ones are subject to harmless error analysis." *Sullivan v. Louisiana,* 508 U.S. 275, 278, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). In *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995), we explained that, "[a]s to error not involving the erroneous admission of evidence, we have held that nonconstitutional error is harmless when it is highly probable the error did not contribute to the judgment." (Citations omitted.).

Likewise, in *State v. Blair,* 158 W.Va. 647, 659, 214 S.E.2d 330, 337 (1975), we noted that "[t]he doctrine of harmless error is firmly established by statute, court rule and decisions as a salutary aspect of the criminal law of this State. In a constitutional context, the doctrine is also applied because appellate courts are not bound to reverse for a technical violation of a fundamental right." (Citations omitted.) In Syllabus Point 5 of *Blair,* we further held, "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." *Id.*

Equally important, as we said in *State v. Salmons,* 203 W.Va. 561, 582, 509 S.E.2d 842, 863 (1998), "[i]t defies logic for this Court to hold that a harmless error analysis applies to substantive constitutional violations, yet hold that a harmless error analysis does not apply to a prophylactic rule designed to protect enforcement of a constitutional right." In fact, "[o]ur cases consistently have held that nonconstitutional errors are harmless unless the reviewing court has grave doubt as to whether the [error] substantially swayed the verdict." *State v. Potter,* 197 W.Va. 734, 748, 478 S.E.2d 742, 756 (1996). *See State v. Rahman,* 199 W.Va. 144, 483 S.E.2d 273 (1996); *State v. Young,* 185 W.Va. 327, 406 S.E.2d 758 (1991); *State v. Ferrell,* 184 W.Va. 123, 399 S.E.2d 834 (1990). *See also* West Virginia Rule of Criminal Procedure 52(a) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

In this case, there is simply no evidence suggesting that the appellant's stipulation to his prior crimes contributed to the judgment against him. Moreover, based upon the appellant's stipulation, the State did not disclose the appellant's prior convictions to the jury during the guilt phase of his trial even though there was substantial evidence proving those prior convictions. This is confirmed by the record before us which contains a certified copy of a criminal complaint and disposition sheet from April 18, 1996, stating that an individual named David Reed, with the same birth date and other identifying information as the appellant, pled guilty to domestic battery and served two days incarceration. The record also contains an indictment charging David Reed with third offense domestic battery and malicious wounding.

It is difficult for this Court to understand how the appellant was prejudiced by his admission to his prior offenses and the circuit court's denial of bifurcation. The appellant did not object to the circuit court's denial of his motion, he did not request a hearing or present any evidence on the issue, and he did not raise it in his post-trial motions. Moreover, the appellant actually benefited from his stipulation to his prior offences because the State agreed not to introduce West Virgi-

nia Rule of Evidence 404(b)[3] evidence in return for his stipulation, which included his two prior convictions for domestic battery. Thus, even if the appellant had been able to use our holding in *McCraine* retroactively, any violation would have been deemed harmless under these circumstances.

Our review of this matter does not indicate any error by the lower court, and we do not find that the lower court acted in an arbitrary or irrational manner. We consequently affirm the circuit court's decision.[4]

## IV.

### CONCLUSION

Accordingly, for the reasons stated above, the final order of the Circuit Court of Cabell County entered on April 23, 2003, is affirmed.

Affirmed.

Justice DAVIS concurs and files a concurring opinion.

DAVIS, J., concurring:

(Filed Dec. 5, 2005)

The majority opinion concluded that the defendant was not entitled to bifurcate the status element of his offenses. I agree with this result. However, this result should have been attained by different rationale.

### *McCraine Should Be Overruled*

In this case, the defendant argued that he should have been given the benefit of this Court's decision in *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003). *McCraine* held,

> 3. Rule 404(b) of the West Virginia Rules of Evidence provides:
>
> > Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

> [a] trial court must grant bifurcation in all cases tried before a jury in which a criminal defendant seeks to contest the validity of any alleged prior conviction as a status element and timely requests that the jury consider the issue of prior conviction separately from the issue of the underlying charge. To the extent that our decision in *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), conflicts with this holding it is hereby modified.

Syl. pt. 11, *McCraine*. In the instant case, the majority refused to apply *McCraine* retroactively to the defendant's case because he allegedly[1] failed to satisfy our retroactivity principles. In my view, *McCraine* should not be applied in this case because *McCraine* should be overruled.

In *McCraine* I argued against the creation of *mandatory* bifurcation for a status element of an offense. I gave the following reasons for rejecting mandatory bifurcation:

> As a result of the majority decision, every defendant convicted of an offense having a status element should now be strongly motivated to demand a bifurcated trial. I so conclude because a defendant will have nothing to lose by requiring the State to have a separate jury determine the issue. I have little doubt in further concluding in an overwhelming majority of all such cases, defendants will not prevail. Consequently, the majority's decision has encouraged a terrible waste of judicial resources. Simply put, the majority is clogging an already overburdened judicial system.

*McCraine*, 214 W.Va. at 206, 588 S.E.2d at 195 (Davis, J., concurring in part and dissenting in part).

> shown, of the general nature of any such evidence it intends to introduce at trial.

> 4. The appellant argues that if his underlying conviction is reversed by this Court then the sentencing enhancement of one-to-five years in the penitentiary to two-to-five years in the penitentiary should be void. Since we have affirmed the appellant's underlying conviction this issue is moot.

> 1. I say "allegedly" because in my opinion the defendant, did, in fact, satisfy our retroactivity principles.

My criticism of the majority decision in *McCraine* was also due to this Court's previously established procedures for handling a status element of an offense in *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999). This procedure was enunciated in syllabus points 3, 4 and 5 of *Nichols* as follows:

3. When a prior conviction constitute(s) a status element of an offense, a defendant may offer to stipulate to such prior conviction(s). If a defendant makes an offer to stipulate to a prior conviction(s) that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction(s). When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins,* 192 W.Va. 483, 453 S.E.2d 317 (1994) and its progeny are in conflict with this procedure they are expressly overruled.

4. A defendant who has been charged with an offense that requires proof of a prior conviction to establish a status element of the offense charged, and who seeks to contest the existence of an alleged prior conviction, may request that the trial court bifurcate the issue of the prior conviction from that of the underlying charge and hold separate jury proceedings for both matters. The decision of whether to bifurcate these issues is within the discretion of the trial court. In exercising this discretion, a trial court should hold a hearing for the purpose of determining whether the defendant has a meritorious claim that challenges the legitimacy of the prior conviction. If the trial court is satisfied that the defendant's challenge has merit, then a bifurcated proceeding should be permitted. However, should the trial court determine that the defendant's claim lacks any relevant and sufficient evidentiary support, bifurcation should be denied and a unitary trial held.

5. At a hearing to determine the merits of a defendant's challenge of the legitimacy of a prior conviction pursuant to Syllabus point 4 of *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999), the defendant has the burden of presenting satisfactory evidence to show that the alleged prior conviction is invalid as against him or her.

At the time of this defendant's trial, *Nichols* was the law on the issue of bifurcation of a status element of an offense. Thus, the defendant could have asserted syllabus point 4 of *Nichols* and obtained a hearing to determine if there was any merit to the issue of whether he was the person named in the abstracts of the prior convictions. Instead, the defendant chose, pursuant to syllabus point 3 of *Nichols,* to stipulate to the prior offenses. Consequently, under *Nichols* the defendant's appeal is without merit. For this reason, I concur in the judgment of this case.

I believe the Court should have taken the opportunity to examine the viability of *McCraine's* mandatory bifurcation and overrule the opinion on that narrow point of law. The instant case points out exactly what the *Nichols* Court was trying to avoid. *Nichols* sought to prevent the unjustifiable waste of judicial resources and time that results from requiring mandatory bifurcation in every case involving a status element offense. In this case, the defendant had no valid reason for challenging the abstract of his prior convictions. That is the reason he voluntarily chose to so stipulate. Unfortunately, as a result of *McCraine,* the defendant contends that he should have been allowed to bifurcate a meritless and worthless issue for jury determination. Had the majority opinion not applied the law of retroactivity, the defendant would have been entitled to a new trial for a clearly absurd reason. In fact, this case is a perfect example of the mischief that will be cultivated by *McCraine's* illogical rule of mandatory bifurcation. I look forward to the day when this Court will realize the absurdity of the *McCraine* opinion and overrule its mandatory bifurcation requirement.

In view of the foregoing, I concur in the judgment in this case.