**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs.)  No. 21-0668 (Wood County 18-F-253)

James Hendershot,
Defendant Below, Petitioner

**MEMORANDUM DECISION**

Petitioner James Hendershot appeals the circuit court's July 22, 2021, order denying his post-trial motions and sentencing him following his convictions for second-degree murder and concealment of a deceased human body.[1] This Court's review is conducted under the following standard:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *State v. Jenner*, 236 W. Va. 406, 780 S.E.2d 762 (2015) (citation omitted). And upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

In his first of three assignments of error, petitioner claims that the circuit court erred in finding him competent to stand trial. Petitioner argues that the court ignored his attorneys' representations that they had difficulty consulting with him. He asserts further that the court ignored its own observations, including that petitioner rejected a favorable plea offer and, on one occasion, wanted to return to jail rather than speak with his attorneys. Petitioner also claims that the court failed to make findings of fact regarding competency.

---

[1] Petitioner appears by counsel Dana F. Eddy, and the State appears by counsel Patrick Morrisey and Scott E. Johnson.

"[T]he minimal threshold for competency requires that a defendant have both a "'sufficient present ability to consult with his lawyer with a reasonable degree of understanding,'" and "'a rational as well as a factual understanding of the proceedings against him.'"" *State v. Sanders*, 209 W. Va. 367, 377, 549 S.E.2d 40, 50 (2001) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). And "[a] defendant has both a substantive and a procedural due process right to avoid being tried while mentally incompetent." *Id.* (citation omitted). To succeed on his substantive competency claim, petitioner "must prove that he . . . was, in fact, incompetent at trial," and to succeed on his procedural claim, he "need only demonstrate that he . . . was denied an adequate procedure for determining mental competency after the trial court was presented with evidence sufficient to prompt good faith doubt regarding competency." *Id.* (citations omitted). Both claims fail because petitioner underwent three competency evaluations—each conducted by a different evaluator(s) and each concluding that petitioner was competent to stand trial—and the circuit court held a competency hearing at which it made the following findings:

> from a preponderance of the evidence based upon the examination and the totality of the evidence[,] . . . [petitioner] is capable of understanding and participating substantially in his defense, he is capable of understanding the nature and the consequences at this time, . . . he has a sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings, and . . . [petitioner] is competent to stand trial on the charges pending against him.

Accordingly, the court did not abuse its discretion in finding petitioner competent to stand trial.[2] *See State v. Zachery W.*, No. 13-1177, 2014 WL 4662486, *3 (W. Va. Sept. 19, 2014)(memorandum decision) ("We review the circuit court's ruling on the petitioner's competency to stand trial under an abuse of discretion standard.").

Next, petitioner claims plain error in the circuit court's permitting a medical examiner to testify to the victim's autopsy in place of the medical examiner who performed that autopsy. Petitioner argues that he was deprived of the opportunity to fully cross-examine the medical examiner who performed the autopsy in violation of his right of confrontation.

"To satisfy the plain error standard, a court must find: (1) there was error in the trial court's determination; (2) the error was plain or obvious; and (3) the error affected 'substantial rights' in that the error was prejudicial and not harmless." *State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996) (citation omitted). Even an error of a constitutional magnitude, though, may be found harmless. *See State v. Reed*, 218 W. Va. 586, 590, 625 S.E.2d 348, 352 (2005) ("[M]ost errors, including constitutional ones are subject to harmless error analysis.") (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993)). Assuming (without deciding) that the court erred in

---

[2] Petitioner also claims that the evaluator who conducted the third evaluation "informally proposed" a ninety-day competency restoration period, which, petitioner argues, should have caused the court to conclude that he was incompetent. The record shows that the evaluator only offered the suggestion to appease the circuit court or parties should a question remain as to petitioner's competency. The record is equally clear, however, that the evaluator was steadfast in his conclusion that petitioner was competent to stand trial.

admitting the challenged testimony, we find any error harmless. In *State v. Blevins*, 231 W. Va. 135, 744 S.E.2d 245 (2013), we found that the circuit court erred in permitting a medical examiner other than the one who completed the autopsy to testify to the contents of the autopsy report, but we found the error harmless beyond a reasonable doubt because the medical examiner's testimony did not incriminate the defendant, and the severity of the victims' injuries was established by not only the autopsy reports but also the first responders' direct testimony. *Id.* Here, too, petitioner was not implicated by the testifying medical examiner, and the victim's serious head injury was testified to by the first responders. The first responders further testified to finding blood throughout the house, which was confirmed to belong to the victim, and the victim's hair and blood were found on the golf club located near his deceased body. We find that, beyond a reasonable doubt, the medical examiner's testimony did not influence the jury's verdict.

Lastly, petitioner claims that the evidence was insufficient to support his conviction for concealment of a deceased human body. His argument in support—that "[t]he *only evidence* proffered to show an intent to conceal the body was that the thermostat was set to [fifty-eight] degrees on a cold day" (emphasis added)—undermines his claim because "a jury verdict should be set aside only when the record contains *no evidence*, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (emphasis added). Plus, petitioner ignores the evidence of his attempts to prevent his uncle from entering the home and discovering the victim's body. We find that, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found proof, beyond a reasonable doubt, of concealment of a deceased human body. *See id.* at 663, 461 S.E.2d at 169, Syl. Pt. 1, in part ("Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3